UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :     1:18-cr-00907-PAC |
| - against - | : |
| | :     **OPINION & ORDER** |
| RAVEN BUSH, | : |
|     Defendant. | : |

------------------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

      Defendant Raven Bush ("Defendant," "Bush") moves *pro se* for compassionate release amid the COVID-19 pandemic. He is a 41-year-old inmate at Federal Correctional Institution Fort Dix ("Fort Dix") and says his health conditions including his asserted chronic kidney disease put him at heightened risk of an adverse outcome should he contract COVID-19. Bush was sentenced to 48 months' imprisonment on April 18, 2019 after pleading guilty to three counts: conspiracy to traffic firearms, firearms trafficking, and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 371, 922(a)(1)(A), and 922(g)(1) and (2). The Government opposes the motion, contending principally that Bush has not demonstrated the presence of "extraordinary and compelling reasons" that give rise to the Court's discretion to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A); and in any event, the 18 U.S.C. § 3553(a) factors militate against release.

      Bush's motion is DENIED without prejudice to its renewal should his health conditions or the status of infections at his facility materially worsen.

## DISCUSSION

### I.     Applicable Law

#### A.  *Pro Se* Motions

"It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they *suggest*.'" *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)) (emphasis in original). "A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations omitted).

#### B.  Compassionate Release Standard

Generally once a term of imprisonment is imposed a court may not alter it unless a statute provides authority to do so—18 U.S.C. § 3582(c)(1)(A)'s provision for compassionate release is one such statute. *United States v. Van Praagh*, 1:14-cr-00189-PAC-1, 2020 WL 3892502, at *2 (S.D.N.Y. July 10, 2020). It is clear that the compassionate release inquiry involves three steps, each of which a defendant must satify before proceeding to the next. These are: exhaustion, a finding of "extraordinary and compelling reasons," and an examination of whether a reduction can be granted in light of the sentencing factors in 18 U.S.C. § 3553(a).

When a prisoner moves for compassionate release on his own behalf, as permitted by the First Step Act of 2018's amendment of 18 U.S.C. § 3582(c)(1)(A), exhaustion can be accomplished either by "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf," or "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once exhaustion has been demonstrated, a court may proceed to the second step, and consider "reduc[ing] the term of imprisonment . . . if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is found at U.S.S.G. § 1B1.13.[1] But it is clear that this policy statement does not "speak[] to motions made independently by the defendant," and so courts view it as providing "useful, but not binding, guidance" on compassionate release motions. *United States v. Morel*, 10 Cr. 798 (PAC), 2020 WL 3412907, at *2 n. 2 (S.D.N.Y. June 22, 2020).

While some courts have held that "the threat of COVID-19 to those in prison constitutes an extraordinary and compelling reason for compassionate release," *United States v. Pacheco*,

---

[1] Application Note 1 to U.S.S.G. § 1B1.13 addresses what constitutes extraordinary and compelling reasons:

(A) Medical Condition of the Defendant

(i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). . . .

(ii) The defendant is (I) suffering from a serious physical or medical condition, (II) suffering from a serious functional or cognitive impairment, or (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

. . .

(D) Other Reasons—As determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

12-CR-408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020) (collecting cases), this Court has joined those that look for "a genuine need based in medical fact for a reduction in that specific defendant's sentence." *United States v. Kosic*, 18 Cr. 30, 2020 WL 3100459, at *2 (S.D.N.Y. June 11, 2020). *See also United States v. Kaba*, 19 Cr. 242 (PAC), 2020 WL 2520807, at *1 (S.D.N.Y. May 18, 2020) (observing that the changing circumstances surrounding the pandemic have required "fact-specific determinations on an ad hoc basis"). To determine when "extraordinary and compelling reasons" are present, "courts in this district have considered the age of the prisoner; the severity and documented history of the defendant's health conditions, as well as the defendant's history of managing those conditions in prison; [and] the proliferation and status of infections in the prison facility." *United States v. Brady*, S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3 (S.D.N.Y. May 15, 2020).

The final step requires the court to consider the sentencing factors in 18 U.S.C. § 3553(a) "to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). A finding that the procedural requirements of 18 U.S.C. § 3582(c)(1)(A) have been met and that "extraordinary and compelling reasons" permit a reduction does not mean a defendant is "automatically entitled to a sentence modification," *United States v. Gotti*, 433 F. Supp. 3d 613, 615 (S.D.N.Y. 2020), and a court retains discretion to deny a sentence reduction where the factors in 18 U.S.C. § 3553(a) counsel against it. *United States v. Daugerdas*, 09cr581, 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020).

In conjunction with their analysis of these sentencing factors, courts have considered "the proportion of the term of incarceration that has been served by the prisoner" and whether "release would provide an undue windfall that would severely undermine the goals of the sentence . . . imposed." *Brady*, 2020 WL 2512100, at *3; *Morel*, 2020 WL 3412907, at *4

("Courts have been more inclined to grant motions for compassionate release where defendants have completed a sufficient portion of their sentence (often two third or three quarters) such that the court can be satisfied that the aims of the original punishment have been met.") (collecting cases).

### C. Application

#### A. Exhaustion

Bush filed a request dated May 1, 2020 with the warden of Fort Dix seeking immediate transfer to home confinement or compassionate release. Dkt. 35, Ex. A, at 1. That request was denied as to home transfer on June 2, and the warden at Fort Dix asked that the request for compassionate release be "re-submit[ted] . . . with the one specific category and [a] detailed release plan." Dkt. 35, Ex. A, at 3. The Government does not oppose the Defendant's motion on exhaustion grounds.

The Court finds that the exhaustion requirement is met here. The statute requires that the warden of the defendant's facility first receive a request for compassionate release from the movant, and here the warden has received such a request. The warden at Fort Dix may have demanded a second request for compassionate release, but 18 U.S.C. § 3582(c)(1)(A) does not.

#### B. Extraordinary and Compelling Reasons

Bush writes that he suffers from "a number of serious medical conditions including [c]hronic [k]idney [d]isease (stage 2)," and that he is a former cigarette smoker and daily user of marijuana. Dkt. 35, at 2. He contends that these factors, in addition to the presence of COVID-19 at Fort Dix and the difficulties of social distancing in a prison environment constitute "extraordinary and compelling reasons" allowing for his release. Dkt. 35, at 4. Bush provides an affidavit detailing the problems with sanitation and access to medical care as he experiences

5

them at Fort Dix. Dkt. 35, Ex. G, at 1. He states that there is black mold in the showers, that toilet drain pipes leak overhead, that the medical staff is "overworked and inept," and that corrections officers are interchanged between housing units and do not consistently wear face masks. *Id.* at 1–2.

The Government counters that Bush "does not have any medical condition that qualifies as an extraordinary and compelling reason for a sentencing reduction." Dkt. 36, at 3. The Government states that it conferred with the doctor who conducted the Defendant's medical evaluation, and that this doctor confirmed that in his view Bush's kidney disease is "in remission," and that his medical records support this assessment. Dkt. 36, at 3–4. An email from that same doctor submitted as a sealed exhibit further documents the doctor's determination that Bush's medical records do not indicate chronic kidney disease. *Id.*, Ex. B, at 1.

In the face of these assertions from the Government, supported by a doctor, and without contradictory evidence from the Defendant,[2] the Court cannot on this record find that there are "extraordinary and compelling reasons" permitting a sentence reduction.

### C. Section 3553(a) Factors

As the Court finds no "extraordinary and compelling reasons" that would permit a discretionary sentence reduction, it does not consider the sentencing factors in 18 U.S.C. § 3553(a) and makes no findings of fact or conclusions of law with respect thereto.

---

[2] The Presentence Report ("PSR") prepared by Probation for Bush's sentencing states that as of the time of Probation's interview with the Defendant on February 13, 2019, with counsel present, the Defendant reported that he did not have any past or current health issues. PSR, Dkt. 22, ¶ 60.

## **CONCLUSION**

The Defendant's motion for compassionate release is DENIED without prejudice to its renewal should his health conditions or the status of infections at his facility materially worsen.

Dated: New York, New York
      August 19, 2020

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge