UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | :    1:18-cr-00907-PAC |
| - against - | : |
| | :    **MEMORANDUM ORDER** |
| RAVEN BUSH, | : |
|     Defendant. | : |

------------------------------------------------------------------------X

Defendant Raven Bush, an inmate at Federal Correctional Institution Fort Dix ("Fort Dix"), renews his motion for compassionate release, following this Court's denial of his initial motion on August 19, 2020. Mem. & Op. 7, ECF No. 37. In that order, the Court determined that Bush's alleged kidney disease and fear of contracting COVID-19 at Fort Dix did not constitute extraordinary and compelling circumstances warranting a sentence reduction (*see id.* at 6), but gave Bush leave to renew his motion "should his health conditions or the status of infections at his facility materially worsen." *Id.* at 7. Bush contends that both of those circumstances have since materialized, and now renews his motion based on (1) his October 29, November 18, and November 19, 2020 COVID-19 positive test results, and (2) the COVID-19 outbreak at Fort Dix in recent months, which (along with subpar prison conditions) Bush says prevents him from properly recovering from his infection and avoiding reinfection. Mot. Misc. Relief 1–2, ECF Nos. 38, 39 ("Renewed Motion"); Cipolla & Cohen Letter dated Nov. 10, 2020 at 1, ECF No. 42 ("Nov. 10 Letter"); Cipolla & Cohen Letter dated Dec. 16, 2020 at 1, ECF No. 43 ("Dec. 16 Letter"); Gov't Ex. B[1] at 1, 2 (updated medical records).

---

[1] This exhibit is filed under seal.

There has been a change in the law since the Court decided Bush's initial motion for compassionate release. *United States v. Brooker*, 976 F.3d 228, 236–37 (2d Cir. 2020), determined that district courts are free "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release" such as Bush's, because Sentencing Guideline § 1B1.13 and its Application Notes do not apply to motions brought directly by prisoners in district court. Nevertheless, while this Court will consider anything a defendant raises, it continues to look for "a genuine need based in medical fact for a reduction in that specific defendant's sentence . . . ." *United States v. Kosic*, No. 18 Cr. 30 (PAC), 2020 WL 3100459, at *2 (S.D.N.Y. June 11, 2020). Bush has not shown such need. His motion is, therefore, denied for the reasons below.

First, the Court previously found Bush's evidence of kidney disease unpersuasive. *See* Mem. & Op. at 6 ("[T]he doctor [who conducted Bush's medical evaluation] determin[ed] that Bush's medical records do not indicate chronic kidney disease."). That his creatinine levels were high on October 15 and subsequently normalized (Nov. 10 Letter at 3) does not now convince the Court that Bush has kidney disease or that COVID-19 damaged his kidneys.[2]

Second, Bush's status as a former smoker, while increasing his risk of COVID-19 complications,[3] does not persuade the Court to find extraordinary and compelling circumstances in this case, even in conjunction with Bush's positive COVID-19 tests. Notably, Bush's medical records contradict his assertion that "[f]or much of his life, he smoked two packs of cigarettes

---

[2] Bush's October 20, 2020 COVID-19 test returned negative, and he did not test positive until October 29, 2020. Gov't Letter in Opp'n at 3, ECF No. 41. Thus, any implication that COVID-19 caused the October 15 creatinine spike is entirely speculative.

[3] "Being a current or former cigarette smoker increases [one's] risk of severe illness from COVID-19." Ctrs. for Disease Control and Prevention, *Coronavirus Disease 2019—Smoking*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html# (updated Dec. 29, 2020).

daily." Nov. 10 Letter at 3. Instead, the medical records state that he smoked "one pack/2 week for 20 years." Gov't Ex. A at 22.[4] In any event, courts have found defendants' status as former smokers insufficient to constitute extraordinary and compelling circumstances, even with underlying health conditions *and even where the defendant also contracted COVID-19* where, as here, the defendants suffered no significant ill health effects. *See United States v. Santiago*, No. 92-cr-563 (BMC), 2020 WL 4926470, at *1, *2 (E.D.N.Y. Aug. 21, 2020) (finding no extraordinary and compelling circumstances where obese former "two-pack-a-day smoker" with heart problems tested positive for COVID-19 but did not appear to suffer any ill health effects); *United States v. Canales*, No. 16-cr-0212 (LAK), 2020 WL 2319294, at *3 (finding no extraordinary and compelling circumstances where inmate who had asthma, smoked four cigarettes per day, and sometimes smoked marijuana was "not presently sick"). Bush has provided no evidence that his smoking history has negatively impacted his health. *See United States v. Leigh-James*, No. 3:15-cr-188 (SRU), 2020 WL 4003566, at *7 (D. Conn. July 15, 2020). Although Bush reported "fatigue, body aches, and headaches" on November 1, he reported no symptoms on November 2 and November 4, 2020.[5] Gov't Letter in Opp'n at 3. Bush's attorneys represent that he "continues to feel winded and unwell," (Dec. 16 Letter at 1) but these symptoms are not significant enough to rise to the level of extraordinary and compelling.

---

[4] This exhibit is filed under seal.

[5] Bush did not report to his checkup on November 3, but a nurse checked on him (apparently in his housing unit) and noted that he "appear[ed] in no distress[,] [his] respirations even and unlabored with a steady gait . . . ." Gov't Ex. A at 1.

Bush next argues that he faces a threat of reinfection at Fort Dix[6] (Renewed Motion at 2; Nov. 10 Letter at 3–4) and may suffer as-yet-unknown ill health effects from his COVID-19 infection, including "long-term damage to [his] heart, lungs, brain, liver, and kidneys." Nov. 10 Letter at 4. But Bush will face those risks outside of prison, too. If released, Bush plans to live with his brother (*id.* at 6) in Newark, Essex County, New Jersey. Mot. Misc. Relief at 15, ECF No. 35. Essex County, like Fort Dix, is currently experiencing a COVID-19 outbreak. On November 2, when Bush filed his Renewed Motion, Essex County had 145 new COVID-19 cases that day, and a seven-day average of 215 new cases daily. *See N.J. Coronavirus Tracker*, NJ.COM, https://projects.nj.com/coronavirus-tracker/ (select "Essex" from drop-down menu in "Select a location" field) (last visited Jan. 6, 2021). Essex County's seven-day new case averages have uniformly increased above 215 since, and on January 6, 2021, Essex County had 450 new cases with a seven-day average of 367 new cases daily. *Id.* And unknown future ill health effects will remain unknown whether Bush is in prison or not. Accordingly, Bush has not shown that the threats to his health will be substantially less severe outside of prison. *See United States v. Allums*, No. S6 15-CR-153 (VSB), 2020 WL 5796265, at *2, *4–6 (S.D.N.Y. Sept. 29, 2020) (finding no extraordinary and compelling circumstances where defendant did not show that he was more at risk in prison than at home in the Bronx); *United States v. Brady*, No. S2 18 Cr. 316 (PAC), 2020 WL 2512100, at *3–*4 (S.D.N.Y. May 15, 2020) (finding no extraordinary and compelling circumstances where defendant did not offer any substantive rationale for why he would be less at risk at home on Staten Island than in prison).

---

[6] On January 6, 2021, Fort Dix had 571 active inmate COVID-19 cases and 17 active staff COVID-19 cases. Fed. Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited Jan. 6, 2021).

Finally, while Bureau of Prison ("BOP") facilities may not be perfect, any mere imperfections do not mandate a finding of extraordinary and compelling circumstances in this case. Nor can the Court conclude that Fort Dix's staff is neglecting Bush's medical needs.[7] Instead, the record shows what the Government summarizes: that BOP quarantined Bush after he was exposed to COVID-19,[8] tested him multiple times, and conducted daily medical checkups to monitor his condition after he tested positive. *See* Gov't Letter in Opp'n at 3. That is sufficient at this time, when research into the disease is still in its formative stages. Bush's argument that BOP's failure to distribute medicine to him evidences his inability to properly recover from his infection at Fort Dix (Renewed Motion at 2) lacks merit, as no known cure for COVID-19 exists other than vaccination, which will be available in due course.

---

[7] BOP's alleged failure to treat Bush's symptoms of "feel[ing] winded and unwell" (Dec. 16 Letter at 1) and apparent cancellation of a scheduled chest x-ray (*id.*) do not provide persuasive evidence that BOP is neglecting Bush's medical needs.

[8] Bush's attorneys inform the Court that although Bush might still be positive for COVID-19 (he was last tested more than seven weeks ago), BOP has moved him out of quarantine. Dec. 16 Letter at 1. The Court declines to second-guess the BOP's decision on that matter.

## **CONCLUSION**

In sum, the Court does not find extraordinary and compelling circumstances warranting a sentence reduction on this record.  Because the Court finds no extraordinary and compelling circumstances, it neither considers the sentencing factors in 18 U.S.C. § 3553(a) nor makes any findings of fact or conclusions of law with respect to them.  Bush's renewed motion for compassionate release is DENIED.  Bush's "emergency motion for bail" pending the Court's resolution of the Renewed Motion (Mot. Misc. Relief dated Dec. 29, 2020 at 1, ECF No. 44) is DENIED as moot.  The Clerk of Court is directed to close the entries bearing ECF numbers 38, 39, and 44.

Dated: New York, New York
      January 20, 2021

SO ORDERED

_____
HONORABLE PAUL A. CROTTY
United States District Judge