UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA                            :
                                                    :
                                                    :    1:18-cr-00907-PAC
    - against -                                     :
                                                    :    **<u>ORDER</u>**
                                                    :
RAVEN BUSH,                                         :
                                                    :
    Defendant.                                      :
------------------------------------------------------------------------X

On January 20, 2021, this Court denied defendant Raven Bush's renewed motion for compassionate release. Mem. & Op. 6, ECF No. 46. Bush filed a notice of appeal the following day. Notice of Appeal, ECF No. 47. On January 26, Bush filed with this Court a motion for "emergency bail" while his appellate proceedings are pending. Mot. Misc. Relief, ECF Nos. 48, 49[1] ("Bail Mot."). Because Bush was convicted of a "crime of violence" within the meaning of the Bail Reform Act (18 U.S.C. §§ 3141–3156), he is ineligible for bail while his appeal is pending. 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(A); *United States v. Dillard*, 214 F.3d 88, 97 (2d Cir. 2000) (holding that "felon-in-possession" of a firearm in violation of 18 U.S.C. § 922(g)(1) is a crime of violence under the Bail Reform Act). Accordingly, Bush's motion for bail is denied.

Bush requests bail pursuant to 18 U.S.C. § 3145(c) ("Section 3145(c)"). Bail Mot. at 1. But because an order denying compassionate release is not an order releasing the defendant or imposing detention, or "denying revocation or amendment of such an order," it does not come within the purview of Section 3145(c). *See* Section 3145(c); *see also United States v. Barrett*, No. 2:17-CR-1-JVB-JEM, 2020 WL 4500082, at *2–*3 (N.D. Ind. Aug. 5, 2020) (denying bail

---

[1] These filings are identical.

pending appeal of order denying compassionate release, without applying Section 3145(c)); *United States v. Friedlander*, No. 8:08-CR-318-T-27TGW, 2020 WL 3440704, at *1–*2 (M.D. Fla. June 23, 2020) (same).  While courts within this district have applied Section 3145(c) to motions for bail pending sentencing or the execution of a sentence, a thorough Westlaw search did not reveal a single case within the Second Circuit (or anywhere else) applying Section 3145(c) to a motion for bail pending an appeal of an order denying compassionate release where, as here, the defendant's sentence had already been executed.  *See, e.g.*, *United States v. Ortiz*, No. 18 CR 413 (VM), 2020 WL 2765042, at *1 (S.D.N.Y. May 28, 2020) (applying Section 3145(c) and 18 U.S.C. § 3143(a)(2) to a defendant's request for bail pending sentencing); *United States v. Nkanga*, 450 F. Supp. 3d 491, 495 (S.D.N.Y. 2020) ([U]pon sentencing [the defendant], and remanding him to the BOP's custody, the Court lost its authority to grant bail under Section 3143(a) and, by extension, Section 3145(c).").  The Court has found no law or logic supporting the position that denying compassionate release constitutes imposing or maintaining a detention order.  Therefore, Section 3145(c) does not apply here.

Instead, 18 U.S.C. § 3143(b) ("Section 3143(b)") applies to Bush's motion.  *See Barrett*, 2020 WL 4500082, at *2; *Friedlander*, 2020 WL 3440704, at *1–*2.  The offense of "felon in possession" of a firearm in violation of 18 U.S.C. § 922(g)(1) is a "crime of violence" under the Bail Reform Act.  *Dillard*, 214 F.3d at 97.  Among other things, Bush pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and (2).  Plea Tr. 10:14–16, 12:19–13:3, 14:6–7, ECF No. 15.  Thus, when the Court accepted Bush's guilty plea, it found him guilty of a crime of violence under 18 U.S.C. § 3142(f)(1)(A), so Section 3143(b)(2) applies to Bush's motion for bail pending appeal.  Section 3143(b)(2) commands: "The judicial officer *shall* order that a person who has been found guilty of an offense in a case described in

subparagraph (A) . . . of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained." Section 3143(b)(2) (emphasis added). Section 3143(b)(2) requires the Court to deny Bush's request for bail; the word "shall" permits no discretion here. *See SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018) ("The word 'shall' generally imposes a nondiscretionary duty."). Consequently, Bush's request for bail pending appeal is denied. The Clerk of Court is directed to close the entries at ECF numbers 48 and 49.

Dated: New York, New York  
      January 28, 2021

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge