UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
UNITED STATES OF AMERICA                         :
                                                 :
                                                 :     1:18-cr-00907-PAC
       - against -                               :
                                                 :     **ORDER**
                                                 :
RAVEN BUSH,                                      :
                                                 :
       Defendant.                                :
------------------------------------------------------------------------X

On January 20, 2021, this Court denied defendant Raven Bush's renewed motion for compassionate release.  Mem. & Op. 6, ECF No. 46.  Bush filed a notice of appeal the following day.  Notice of Appeal, ECF No. 47.  On January 26, Bush filed with this Court a motion for "emergency bail" while his appellate proceedings are pending.  Mots. Misc. Relief, ECF Nos. 48, 49.[1]  On January 28, the Court denied Bush's request for bail pending appeal, holding that because Bush was convicted of a "crime of violence" within the meaning of the Bail Reform Act (18 U.S.C. §§ 3141–3156), he is ineligible for bail while his appeal is pending.  Order 1, ECF No. 50 ("Bail Denial") (citing 18 U.S.C. § 3143(b)(2); 18 U.S.C. § 3142(f)(1)(A); *United States v. Dillard*, 214 F.3d 88, 97 (2d Cir. 2000) (holding that "felon-in-possession" of a firearm in violation of 18 U.S.C. § 922(g)(1) is a crime of violence under the Bail Reform Act)).  On February 1, 2021, Bush filed a motion for reconsideration of the Bail Denial.  Mot. Recons. 1, ECF No. 51.  For the reasons that follow, Bush's motion for reconsideration is denied.

Because the Bail Denial is an order in a criminal matter, the relevant rule pertaining to Bush's motion for reconsideration is Local Criminal Rule 49.1(d), rather than Local Civil Rule

---

[1] These filings are identical.

6.3.[2]  Bush's motion is timely, because he filed it within 14 days of the Court's ruling in the Bail Denial.  Local Criminal Rule 49.1(d).  But Bush has failed to "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *United States v. Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020) (quoting *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 256–57 (2d Cir. 1995)); *see also* Local Criminal Rule 49.1(d).  "Compelling reasons for granting a motion for reconsideration are limited to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Cooper v. Lapra*, No. 18 Civ. 9405 (KPF), 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) (citing *Virgin Atl. Airways*, *Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  Bush does not raise any of these compelling reasons.

Bush offers two arguments: first, that the Court overlooked controlling precedent effectively overruling *Dillard*, which the Court applied to conclude that Bush had been convicted of a "crime of violence" within the meaning of § 3142(f)(1)(A); and second, that the Court improperly ignored *United States v. Disomma*, 951 F.2d 494, 496 (2d Cir. 1991) when it concluded that 18 U.S.C. § 3145(c) did not apply to Bush's motion for bail.  Mot. Recons. 2.  Neither argument is availing.

---

[2] The Court notes, however, that "[b]efore the enactment of Local Criminal Rule 49.1(d), courts in the Southern and Eastern Districts of New York traditionally used Local Civil Rule 6.3, which also specified a 14-day deadline for the filing of motions for reconsideration.  *See generally United States v. Carollo*, No. 10 Cr. 654, 2011 WL 5023241, at *2 (S.D.N.Y. Oct. 20, 2011) ('Although neither the Federal Rules of Criminal Procedure nor the Local Criminal Rules of this Court address the proper standard for a motion for reconsideration in criminal cases, courts in this district have applied the standard of Local Rule 6.3.')."  *United States v. Sessum*, No. 15 Cr. 667-6 (KPF), 2020 WL 6392817, at *1 n.1 (S.D.N.Y. Oct. 30, 2020).  Accordingly, "[b]ecause Criminal Local Rule 49.1(d) is of comparatively recent vintage, the Court cites to cases decided under both Local Rules."  *Id.*

*First*, while the cases Bush cites[3] are indeed binding on this Court, they do not overrule *Dillard*. *United States v. Watkins*, 940 F.3d 152, 167 (2d Cir. 2019) ("The 'residual clause' in 18 U.S.C. § 3156(a)(4)(B) of the Bail Reform Act is not unconstitutionally vague."). The *Watkins* Court explained: "[B]ecause § 3142(f)(1) [(which incorporates § 3156(a)(4)(B)'s definition of "crime of violence")] does not define criminal offenses, fix penalties, or implicate the dual concerns [(of fair notice and preventing arbitrary enforcement)] underlying the void-for-vagueness doctrine, it is not amenable to a due process challenge and is therefore not unconstitutionally vague." *Id.* at 161. *Watkins* made clear that, post-*Davis*,[4] the offense of "felon in possession" under § 922(g)(1) remains "unequivocally a crime of violence for purposes of § 3142(f)(1)(A)." *Id.* at 163.[5] Thus, the Court did not overlook any controlling case law rendering § 3156(a)(4)(B)'s residual clause unconstitutional.

*Second*, nothing in *Disomma* affects this Court's conclusion that § 3145(c) does not apply to Bush's motion for bail pending appeal. There, a jury found Disomma guilty of "conspiring to obstruct commerce by robbery under the Hobbs Act (18 U.S.C. § 1951)," and the trial court ordered him detained "pending post-trial motions and appeal." 951 F.2d at 495–96. After the trial court denied his motion for acquittal, Disomma moved for release under § 3145 "pending appeal of his conviction." *Id.* at 496. That motion for release was thus an appeal from the trial court's earlier detention order, falling under § 3145(c). *See id.*; *see also United States v.*

---

[3] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019); *Sessions v. Dimaya*, 138 S. Ct. 1204, 1211 (2018); *United States v Barrett*, 937 F.3d 126, 129–30 (2d Cir. 2019); *United States v. Hendricks*, 921 F.3d 320, 327 (2d Cir. 2019).

[4] 139 S. Ct. 2319, 2319 (2019).

[5] The *Watkins* Court went on to apply *Dillard*'s reasoning in support of its conclusion that the offense of felon in possession of ammunition under § 922(g)(1) is also categorically a "crime of violence" under § 3142(f)(1)(A). *Id.* at 164.

*Disomma*, 769 F. Supp. 575, 576 (S.D.N.Y. 1991). The trial court granted Disomma's appeal and ordered him released; the government then appealed that release order. 951 F.2d at 496. The government's appeal from the release order also properly fell under § 3145(c). *See id.*

Bush, by contrast, is *not* subject to a detention order. The Court's denial of Bush's renewed motion for compassionate release is not a detention order, a release order, or an order "denying revocation or amendment of such an order," as the Court explained in the Bail Denial. Bail Denial 1–2 (citing § 3145(c); *United States v. Barrett*, No. 2:17-CR-1-JVB-JEM, 2020 WL 4500082, at *2–*3 (N.D. Ind. Aug. 5, 2020) (denying bail pending appeal of order denying compassionate release, without applying § 3145(c)); *United States v. Friedlander*, No. 8:08-CR-318-T-27TGW, 2020 WL 3440704, at *1–*2 (M.D. Fla. June 23, 2020) (same)). Bush has not cited any authority to the contrary.

Because Bush has not presented compelling reasons in favor of granting his motion for reconsideration, the Court denies his motion for reconsideration. The Clerk of Court is directed to close the entry at ECF number 51.

Dated: New York, New York  
      February 3, 2021

SO ORDERED

_____  
HONORABLE PAUL A. CROTTY  
United States District Judge

4